AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original   ☐ Duplicate Original

| LODGED<br>CLERK, U.S. DISTRICT COURT<br>6/17/2025<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: \_\_\_MMC\_\_\_ DEPUTY | # UNITED STATES DISTRICT COURT<br>for the<br>Central District of California | FILED<br>CLERK, U.S. DISTRICT COURT<br>06/17/2025<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: \_\_\_IV\_\_\_ DEPUTY |
|---|---|---|

UNITED STATES OF AMERICA,

Plaintiff,

v.

OSCAR JUVENTINO ARDON LANDAVERDE
aka, OSCAR JUVENTINO ARDON-ARMINTA,

Defendant

Case No.  2:25-MJ-03705-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Robert Flores, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of June 16, 2025, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Robert Flores, Deportation Officer, DHS, ICE
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  June 17, 2025

Patricia Donahue
*Judge's signature*

City and state:  Los Angeles, California

Hon. Patricia Donahue, U.S. Magistrate Judge
*Printed name and title*

AUSA: Clifford D. Mpare

**AFFIDAVIT**

I, Robert Flores, being duly sworn, declare and state as follows:

## I.  **PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint against and arrest warrant for OSCAR JUVENTINO ARDON LANDAVERDE, also known as "Oscar Juventino Ardon-Arminta" ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. **BACKGROUND OF DEPORTATION OFFICER ROBERT FLORES**

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since October of 2019.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about June 16, 2025, the ERO Los Angeles Field Office received an electronic notification based on screening by Transportation Security Administration ("TSA") of passengers' background checks prior to boarding the flight. Through this vetting process, TSA learned that defendant was scheduled to be on United Airlines flight #1266 from Los Angeles International Airport "LAX" to El Salvador International Airport "SAL," departing at 10:45 p.m. (PST), on June 17, 2025. Defendant was found to be a subject of interest by the FBI for his involvement with the designated transnational terrorist organization, Mara Salvatrucha, which is originated out of El Salvador. Aliens who are found to be confirmed members, associates, and/or leaders of terrorist organizations, are subject to enforcement action by ICE. Defendant is currently at-large and seeking to depart the United States.

5. On June 16, 2025, I reviewed the printouts of ICE computer indices on defendant. Records checks revealed that defendant is a citizen of El Salvador. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the following dates: May 6, 2016, July 23, 2014, and June 26, 2013. The ICE computer indices further indicated that defendant had not applied for, or

obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

6. I have also reviewed a computerized printout of defendant's criminal history, which indicated that defendant was previously convicted of 8 U.S.C. § 1326(a), Illegal Reentry After Deportation, on February 3, 2014, and sentenced to one day in custody. On February 5, 2014, defendant was convicted of 8 U.S.C. § 1326(a), Illegal Reentry After Deportation, and sentenced to time served.

## IV. CONCLUSION

7. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326 (a), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __17th__ day of June
2025.

*Patricia Donahue*

HONORABLE PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE